### DIBOW v COHEN & CARNEY

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 10, 1932

ROBERTS, J.

A statement was made in argument by counsel for the plaintiff at considerable length, to the effect that he appeared in the Municipal Court on the morning of the day on which the foreable entry and detainer case was set for hearing; that the judge of said court had not then arrived; that counsel for the plaintiff then left the court room and did not return until some time afterwards, when the cause had been heard in behalf of the plaintiff in that court, and the above judgment entered. There is nothing, however, in the pleadings alleging any irregularity in the proceedings of the Municipal Court, and no issue in respect thereto is therefore made in this court. It is insisted that it was a disputed proposition as to whether or not the plaintiff in this action had a right to deduct $15.00 per month from the agreed monthly rental of the premises in question, to the reduction and liquidation of the cost and construction of the garage. It is contended by counsel for the plaintiff in connection with this claim of a right to so receive pay for the garage, that if this claim is not well founded

or recognized by the court, then that he is willing to pay the rental of $50.00 per month agreed upon in the written lease, and according to the terms of that lease, and that if such be the fact he has a right to an equitable remedy in this court, preventing a forfeiture of the lease for non-payment of rent which was provided for in the lease.

Referring to the case of **Tabor v Bettman** et, 13 Oh Ap, 382, the syllabus of this case reads as follows:

"A court of equity may relieve against the forfeiture of the lease for non-payment of rent when equity will be subserved thereby, and one granting such relief may enjoin the issuance and service of a writ of restitution in an action of forceable entry and detainer."

This is a well considered case, citing numerous authorities, and we recognize this decision as indicative of the law upon this proposition. This court is not authorized to determine whether or not the contention of the plaintiff is true concerning his claim that he was to be recompensed for the construction of a garage by the $15.00 per month reduction from the monthly rental provided for in the written lease. That was a matter for the determination of the Municipal Court, and having found against the plaintiff in this action, must have held that the contention of the plaintiff in this respect was not well founded. This court, however, is authorized to grant relief against the forfeiture of the lease which was the result of the judgment of the Municipal Court, and the plaintiff being willing to pay the rent provided for, namely fifty dollars per month, as provided in the written lease, and concerning which there is no dispute, the plaintiff had a right to raise this defense in the Municipal Court, but that being determined against him, the lease should not be forfeited if he is willing, as he declares he is, to pay the fifty dollars per month according to the terms of the written lease, and is entitled to an injunction restraining ejection from the premises, as determined by the Municipal Court.

Under the circumstances, this relief now awarded in this court should be upon terms which are as follows: "The injunctive relief herein recognized, depriving the plaintiff of the possession of said premises, is allowed, upon the condition, and only upon compliance with the condition, that the plaintiff pay all arrears of rent at $50.00 per month, with interest now due and accrued, and the costs in the case in the Municipal Court, before the 10th day of May, 1932." This injunctive relief is not to extend beyond said date unless said payments be made as above suggested.

FARR and POLLOCK, JJ, concur.